■ In the Matter of the Claim of FELIX ERAZO, Respondent, v. BRANDLERS BAKERY et al., Appellants, and ROYAL BAKERY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

GIBSON, P. J. The board apportioned an award for occupational disease incurred by claimant, a baker, among three successive employers, finding that "as a result of exposure to the employments, claimant suffered flare-ups and increased sensitivity, precipitating disability from asthmatic attacks". Apportionment in such cases of "increased or aggravated sensitization" is proper. (*Matter of Bahry v. Nu-Glamore Beauty Salon*, 4 A D 2d 351, 353, mot. for lv. to app. den. 3 N Y 2d 707.) The employers and carriers involved in the second and third employments appeal, in each case denying causal relationship. As to each employment, the medical evidence was substantial and affirmance is required. Thus, Dr. Siegal, after correctly noting all three employments, reported, on the basis of an examination made some six months after the termination of the third employment, "a clear causal relationship between the occupational exposure and [claimant's] asthma" and later testified that the "chief cause" of claimant's asthma was "allergy to cereal and cereal flour, especially rye and wheat". Further, Dr. Adams, testifying a year after the third employment, said that claimant's repeated contacts with the offending agents caused additional aggravation of the underlying condition and that the repeated insults tended to cause a greater sensitivity. He testified further that in the majority of cases, succeeding contacts with the allergants cause increasingly quicker reactions — "they will trigger the mechanism and have an attack quicker each time". Additionally, Dr. Griffith, who saw claimant after the third employment and subsequently testified, found an increase in sensitivity due to "more exposure". Not all of appellants' additional contentions are properly before us, but we note, nevertheless, that they also relate to factual determinations supported by substantial evidence. Decision affirmed, with one bill of costs to the Workmen's Compensation Board. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ LATHAM HOLDING CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 37351.)

*Per Curiam.* Upon consideration of all the factors, including comparable sales and the purchase price, we find that the amount of the award was excessive and should be reduced to $17,000. Judgment modified, on the law and the facts, so as to reduce the award to $17,000, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.